1  JOHN L. BURRIS ESQ., SBN 69888
   BENJAMIN NISENBAUM, ESQ., SBN 222173
2  JAMES COOK, ESQ., SBN 300212
   **LAW OFFICES OF JOHN L. BURRIS**
3  Airport Corporate Centre
   7677 Oakport Street, Suite 1120
4  Oakland, California 94621
   Telephone: (510) 839-5200
5  Facsimile: (510) 839-3882
   john.burris@johnburrislaw.com
6  bnisenbaum@hotmail.com
   james.cook@johnburrislaw.com
7
8  Attorneys for Plaintiffs
   VANESSA REYES, and minor child R.R.III
9  through his Guardian ad Litem VANESSA
   REYES, RAYMOND REYES, SR., and
10 YASMÍN REYES
11
12
                **UNITED STATES DISTRICT COURT**
13
                **NORTHERN DISTRICT OF CALIFORNIA**
14

| | |
|---|---|
| 15  VANESSA REYES, and minor child R.R. III through his Guardian ad Litem VANESSA REYES; the biological father, RAYMOND CHRISTOPHER REYES, SR., and mother, YASMIN REYES | CASE NO.: |
| | COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983 and pendent tort claims) |
| Plaintiffs, | |
| vs. | JURY TRIAL DEMANDED |
| COUNTY OF ALAMEDA, a municipal corporation; WELLPATH, INC., a professional corporation; and DOES 1-50, inclusive, individually, jointly and severally, | |
| Defendants. | |

25                    **INTRODUCTION**

26    1.    On July 25, 2019 Decedent, RAYMOND CHRISTOPHER REYES, was found dead

27 in his cell at the COUNTY OF ALAMEDA jail.  Defendants failed to supervise and/or treat him

28

according to the law and appropriate protocols after having knowledge that the decedent had suicidal thoughts.

2.      This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourteenth Amendment under the United States Constitution and state law in connection with the death of decedent RAYMOND CHRISTOPHER REYES, who died as a result of the unlawful conduct by COUNTY OF ALAMEDA'S Sheriff's Department, and WELLPATH.

3.       This action seeks to recover damages for the violation of rights of decedent's widow, VANESSA REYES, minor R.R. III through his Guardian Ad Litem, RAYMOND CHRISTOPHER REYES, SR., the decedent's biological father, and the YASMIN REYES, the biological mother.

## JURISDICTION

4.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the COUNTY OF ALAMEDA, California, which is within the judicial district of this Court.

5.      The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

7.      Decedent RAYMOND CHRISTOPHER REYES, (hereinafter "REYES"), was an individual residing in the State of California.  REYES was married with one minor child at the time of his death and died intestate.

8.      Minor PLAINTIFF R.R. the biological child of REYES through his Guardian ad Litem VANESSA REYES.

9.      PLAINTIFF VANESSA REYES is the wife of the decedent and biological mother of their child, minor plaintiff R.R.

10.     PLAINTIFF, RAYMOND CHRISTOPHER REYES, SR., (hereinafter "REYES, SR." or "PLAINTIFF") has been and is a resident of California and is a United States Citizen.  REYES, SR. is the biological father of REYES. RAYMOND CHRISTOPHER REYES, SR. is a co-successor-in-interest to decedent, REYES.

11.     PLAINTIFF, YASMIN REYES is the biological mother of REYES.  YASMIN REYES is a co-successor-in-interest to decedent REYES.

12.     Defendant COUNTY OF ALAMEDA (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the ALAMEDA County Sheriff's Department and its tactics, methods, practices, customs and usage.  At all relevant times, Defendant County was the employer of DOES Defendants.

13.     Defendant WELLPATH, INC. (hereinafter "WELLPATH"), previously/also known as CORRECTIONAL MEDICAL GROUP COMPANIES and CALIFORNIA FORENSIC MEDICAL GROUP, was at all times herein mentioned a Delaware corporation licensed to do business in California.  WELLPATH and its employees and agents are responsible for making and enforcing

policies, procedures, and training relating to the psychiatric care of prisoners and detainees in

Defendant COUNTY OF ALAMEDA'S jails, including providing reasonable psychiatric care to

prisoners and detainees, as well as providing reasonable psychiatric care to specific prisoners or

detainees as specifically ordered by ALAMEDA County Superior Court Judges in court orders

directed at WELLPATH, and all WELLPATH policies, procedures, and training related thereto.

14. PLAINTIFFS are ignorant of the true names and capacities of Defendants DOES 1

through 50, inclusive, and therefore sue these Defendants by such fictitious names. PLAINTIFFS are

informed and believe and thereon allege that each defendant so named is responsible in some manner

for the injuries and damages sustained by PLAINTIFFS as set forth herein. PLAINTIFFS will amend

their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been

ascertained.

## ADMINISTRATIVE PREREQUISITES

15. PLAINTIFFS are required to comply with an administrative tort claim requirement

under California law. PLAINTIFFs sent notice of representation and preservation of evidence on

August 16, 2019 to the Alameda County Sherriff's Department. PLAINTIFFS filed an administrative

claim with the COUNTY OF ALAMEDA on January 27, 2020. The COUNTY OF ALAMEDA

made no action on PLAINTIFFS' claim within fifty days.

## FACTUAL ALLEGATIONS

16. The incident took place on July 24, 2019 at approximately 5:54 p.m. The location was

Santa Rita Jail, 5325 Broder Blvd., Dublin, CA 94568. Raymond Christophe Reyes died by

committing suicide.

17. During booking at Santa Rita Jail, Reyes expressed suicidal ideation. Regardless, the

jail staff failed to place Reyes on suicide watch. Deputies assigned him under

circumstances conducive to a suicide attempt.  Further, there is evidence that Reyes ingested

methamphetamine, while under the supervision.  The autopsy report showed 50 milliliters of

methamphetamine in his system. In the attempt to revive Mr. Reyes, deputies utilized naloxone.

Naloxone is used to treat heroin.  Reyes did not have heroin in his system.

18.     As a result, Mr. Reyes leaves behind his wife, Vanessa Reyes.  He is also survived by

an infant child. Reyes' parents, Yasmín Reyes and Raymond Reyes, Sr. are seeking closure.

### FIRST CAUSE OF ACTION
**(Violation of the Fourteenth Amendment of the United States Constitution)**
**(Deliberate Indifference, 42 U.S.C. § 1983)**
**(Against All Defendants)**

19.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1

through 18 of this Complaint.

20.     As set forth above, decedent RAYMOND CHRISTOPHER REYES was subjected to

deprivation of rights by Defendants acting under color of law of the United States and State of

California and of the COUNTY OF ALAMEDA, which rights include, but are not limited to,

privileges and immunities secured to decedent by the Constitution and laws of the United States.  By

reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests

of decedent.

21.     REYES was a pretrial detainee who had not been convicted of any crime.  REYES had

a due process right to be free from the acts of entity Defendants that would cause him serious injury.

*Farmer v. Brennan*, 511 U.S. 825, 833 (1994), generally established that prison officials have a duty

to protect prisoners. This is so, because corrections officers have "stripped [the inmates] of virtually

every means of self-protection and foreclosed their access to outside aid." City of *Revere v. Mass.*

*Gen. Hosp.*, 463 U.S. 239, 244 (1983).

22.     On or around October 1, 2016, WELLPATH assumed the duty to provide psychiatric care to detainees at Santa Rita Jail. Defendants knew or should have known that REYES had suicidal thoughts.  Yet Defendants intentionally failed to seek the proper medical treatment required to prevent REYES' suicidal thoughts from worsening. REYES' pre-suicidal behavior was not improving.  However, defendants were deliberately indifferent to REYES' worsening condition. Defendants failed to transport REYES to the hospital, or summon a psychiatrist to treat REYES. REYES died by suicide as a result of Defendants' collective deliberate indifference to properly evaluate, monitor, and treat him.

23.     The conduct of Defendants amounted to medical malpractice.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Wrongful Death)**
**(Against All Defendants)**

24.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1 through 23 of this Complaint.

25.     On or around October 1, 2016, WELLPATH assumed the duty to provide psychiatric care to detainees at Santa Rita Jail.

26.     As set forth above, REYES was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the County of ALAMEDA, which rights include, but are not limited to, privileges and immunities secured to REYES by the Constitution and laws of the United States.  By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of REYES, including those provided in the Fourteenth Amendment to the U.S. Constitution, and of each PLAINTIFF, as

well as those which are protected under the Fourteenth Amendment's prohibition against depriving a

person of a right to familial relationships without due process of law.

27.     As a result of DEFENDANTS' deliberate indifference, REYES was deprived of the

necessary and indicated medical intervention, care and treatment, including but not limited to: proper

housing in a safety cell; proper monitoring; administration of psychotic medications, transfer to a

mental health facility, or referral to a psychiatrist. Without proper treatment or follow-up care, his

mental state deteriorated, causing him to continue to suffer pain and mental anguish in violation of

his Fourteenth Amendment rights, resulting in his wrongful death by denying psychiatric care.

28.     Medical negligence by defendants led to REYES" wrongful death.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Survival Action: Violation of Decedent's Civil Rights)**
**(Against All Defendants)**

29.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1

through 28 of this Complaint.

30.     The foregoing claim for relief arose in decedent's favor, and REYES would have been

the PLAINTIFF with respect to this claim had he lived.

31.     WELLPATH had a duty to provide psychiatric care to detainees at Santa Rita Jail.

32.     Defendants acted under color of law when they failed to reasonably supervise REYES,

and were deliberately indifferent to REYES' mental health care needs, thereby depriving him of

certain constitutionally protected rights, including, but not limited to the right to due process of law,

as guaranteed by the Fourteenth Amendments to the United States Constitution; said rights are

substantive guarantees under the Fourteenth Amendments to the United States Constitution.

33.     Defendants' negligence resulted in REYES' death.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Violations of PLAINTIFFS' Civil Right to a Familial Relationship)**
**(Against All Defendants)**

34.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1 through 33 of this Complaint.

35.     COUNTY correctional officers' actions of not following COUNTY policy to visually monitor inmates with mental health conditions, including that of REYES, ultimately lead to REYES' death, causing PLAINTIFFS to lose their right to a familial relationship with REYES.

36.     WELLPATH had the duty to provide detainees with psychiatric care at Santa Rita Jail.

37.     As a legal cause of Defendants' acting under color of law, acts and/or inactions, and whose deliberate indifference caused injuries which resulted in REYES' death, PLAINTIFFS were deprived of their constitutional rights to a familial relationship, in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

38.     The conduct of defendants amounted to medical malpractice.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(*Monell* - 42 U.S.C. § 1983)**
**(Against Defendants COUNTY and DOES 1-50)**

39.     PLAINTIFFS hereby re-allege and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40.     The aforementioned acts and/or omissions of COUNTY deputies in being deliberatively indifferent to REYES' safety, and in violating his civil rights, were the direct and

proximate result of customs, practices and policies, or failed training of administration by COUNTY

and DOES 1-50, as alleged herein.

41.     At all times herein mentioned, COUNTY and DOES 1-50 maintained a policy or a de

facto unconstitutional informal custom or practice of permitting, condoning, or improperly training

jail personnel to delay in providing adequate medical assistance to detainees need mental health care

protection.

42.     PLAINTIFFS allege that Defendant COUNTY maintained a policy, custom or practice

of failing to provide the jail with adequate personnel to supervise detainees. Further, Defendant

COUNTY failed to train staff to properly classify, monitor and treat inmates that had mental health

conditions in violation of Title 15 Minimum Standards for Local Detention Facilities.

43.     A Fox 2 News Story dated, October 4, 2019 investigated the deaths of at least 45

inmates, since Jan. 1, 2014. Out of the 45 deaths, at least 17 people committed suicide. Of the

suicides, 12 people were held in some form of isolation. The report notes that the number could be

higher. The investigative report noted that Santa Rita Jail has the highest number of inmate deaths in

the Bay Area.  The report also noted that Santa Rita Jail has an even higher jail death rate than the

Los Angeles County, which has the largest jail system in the country. The story links to deficiencies

pertaining to the COUNTY jail policies of isolation. Deficiencies include but are not limited to:

deputies failing to classify, failing to monitor and treat serious and obvious medical conditions.

44.     Additionally, COUNTY officials failed to properly staff REYES' unit.  These

deficiencies caused the rate of deaths at COUNTY'S jail to be the highest rates of inmate deaths in

the Bay Area.

45.     These deficiencies posed a substantial risk of serious harm to REYES. Defendant

COUNTY knew its policy posed this risk.  However, the COUNTY failed to timely update their

facilities or properly implement the above-reference procedures that may have prevented REYES

wrongful death.

46.     The aforementioned acts and/or omissions and/or deliberate indifference by high

ranking County officials, including high ranking COUNTY OF ALAMEDA Sheriff's Department

Supervisors, Defendants DOES 26-50, and each of them, resulted in the deprivation of decedent's

constitutional rights.

47.     REYES died as a result of COUNTY staff's medical negligence.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Negligence)
### (Against All Defendants)

48.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1

through 47 of this Complaint.

49.     The present action is brought pursuant to sections 820 and 815.2 of the California

Government Code.  Pursuant to section 820 of the California Government Code, as public employees,

Defendants are liable for injuries caused by their acts or omissions to the same extent as a private

person.

50.     COUNTY deputies, including DOES 1-50, had a duty to provide appropriate care to

REYES, who was a pretrial detainee protected by the 14th amendment. Defendant deputies had a duty

to properly classify and monitor REYES who was identified as being suicidal. DOES 1-50 had a duty

to sufficiently supervise REYES.  DOES 1-50 also had a duty to notice signs that REYES needed

specialized supervision.  Defendants should have addressed REYES' suicidal thoughts and

summoned psychiatric care for REYES including referring him to a psychiatrist, or transferring him

to a hospital.

51.     Defendants WELLPATH staff knew or should have known that REYES expressed suicidal thoughts. Yet Defendants intentionally failed to seek proper psychiatric evaluation required to prevent REYES' suicide.

52.     Defendants breached their duty to REYES COUNTY deputies breached their duty to REYES when they failed to classify him as someone who was suicidal.  Further, DOES 1-50 failed to notice signs that REYES had suicidal thoughts.  DOES 1-50 also failed to properly monitor REYES for his serious mental health condition.

53.     REYES died as a direct and proximate result of Defendants' failure to properly classify, monitor, and treat his serious medical condition.

54.     The conduct of COUNTY staff amounted to medical negligence.

55.     The conduct of WELLPATH staff amounted to medical malpractice.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Violation of California Government Code § 845.6)
### (Against All Defendants)

56.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 55 of this Complaint.

57.     COUNTY knew or had reason to know that REYES needed immediate and higher-level psychiatric care, treatment, observation and monitoring.  Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant COUNTY, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide REYES access to such care and treatment in violation of California Government Code § 845.6.

58.     COUNTY deputies failed to properly classify and monitor REYES as a carrier of

suicidal thoughts.  Further, Defendants, DOES 1-50, failed to refer REYES to a psychiatrist, or

transfer him to a hospital, or refer him to mental health services within the jail.

59.     Defendants WELLPATH staff knew or should have known that REYES had mental

health issues. Yet Defendants intentionally failed to seek proper medical treatment required to

prevent REYES' suicidal thoughts from getting worse.

60.     As legal cause of the aforementioned acts of all Defendants, REYES was injured as set

forth above.  PLAINTIFF's losses entitle him to all damages allowable under California law. As

such, PLAINTIFF is entitled to damages, penalties, costs, and attorney fees under California law.

61.     The COUNTY staff's medical malpractice caused REYES" death.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(C.C.P. §§ 377.60 and 377.61)**
**(Wrongful Death- Negligence)**
**(Against All Defendants)**

62.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 61

of this Complaint.

63.     Defendants' negligent actions and/or negligent failure to act within the scope and

course of their employment with Defendants, as set forth herein-above proximately caused the death

of REYES.

64.     COUNTY owed REYES who was a pretrial detainee at COUNTY'S jail, a duty of

care under the fourteenth amendment.  Sheriff's Deputies ignored the signs of REYES' suicidal

thoughts under circumstances that were conducive to him committing suicide.  Deputies ignored

signs of REYES' mental health condition, indicating deliberate indifference to REYES' physical

evaluation or health.

65.     Defendants WELLPATH staff knew or should have known that REYES had suicidal thoughts. Yet Defendants intentionally failed to seek proper medical treatment required to prevent REYES' mental health condition from worsening.

66.     As an actual and proximate result of said Defendants' negligence, and the death of REYES, PLAINTIFF has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of his son, REYES, in an amount according to proof at trial.

67.     As a further actual and proximate result of said Defendants' negligence, PLAINTIFF has incurred expenses, in an amount according to proof at trial.

68.     Pursuant to California C.C.P. Sections 377.60 and 377.61, PLAINTIFF brought this action, and claim damages from said Defendants for the wrongful death of REYES and the resulting injuries and damages.

69.     REYES died due to medical negligence by COUNTY staff.

70.     REYES died due to medical negligence by WELLPATH staff.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

71.     PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 70 of this Complaint.

72.     Defendants had or should have had notice that REYES had suicidal thoughts. Particularly, COUNTY deputies and DOES 1-50 should have done an initial intake with REYES. During which time, COUNTY deputies should have classified REYES as an inmate with suicidal thoughts.  Defendants WELLPATH staff knew or should have known that REYES had suicidal

thoughts. Yet Defendants intentionally and improperly failed to seek the required medical treatment to prevent the state of REYES' mental health from deteriorating further.

73.     DOES 1-50 also should have noticed signs that REYES had mental health troubles. Defendants should have known that withholding a proper mental health assessment would cause REYES to suffer from emotional distress.

74.     Defendants' above-described actions constituted extreme and outrageous conduct. Their actions prevented REYES from receiving proper psychiatric attention.  Upon REYES' entry into Santa Rita jail, the COUNTY was on notice that REYES had shown signs of suicidal ideation. Despite knowing that REYES had suicidal thoughts, COUNTY staff deliberately ignored the risk to REYES when they failed to properly classify and treat him.  COUNTY deputies placed REYES in a cell without proper supervision and ongoing care which constituted extreme outrageous conduct.  As a result of the COUNTY staff's deliberate indifference, REYES did not receive proper medical treatment, causing him to suffer extreme emotional distress. Consequently, REYES succumbed to his suicidal thoughts.

75.     By engaging in the above-described conduct, each individual defendant intentionally ignored or recklessly disregarded the foreseeable risk that their actions would cause PLAINTIFF to suffer emotional distress from the loss of familial relationship with REYES.

76.     The conduct of COUNTY staff amounted to medical negligence.

77.     The conduct of WELLPATH staff amounted to medical malpractice.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**
**(Medical Negligence)**
**(Against All Defendants)**

78. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 77 of this Complaint.

79. REYES was under the care and treatment of Defendant COUNTY and DOES 1-25, who were required to examine, treat, monitor, prescribe for and care for him.

80. REYES was under the care and treatment of Defendant WELLPATH and DOES 1-25, who were required to examine, treat, monitor, prescribe for and care for him.

81. Defendants DOES 1-25, acting within the scope and court of their employment with Defendants COUNTY, negligently, carelessly and unskillfully cared for, attended and controlled REYES.

82. Defendants DOES 1-25, acting within the scope and court of their employment with Defendants WELLPATH, negligently, carelessly and unskillfully cared for, attended and controlled REYES.

83. Defendants DOES 1-25, acting within the scope and court of their employment with Defendants COUNTY failed to follow-up and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient RAYMOND CHRISTOPHER REYES.

84. Defendants DOES 1-25, acting within the scope and court of their employment with Defendants WELLPATH failed to follow-up and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient RAYMOND CHRISTOPHER REYES.

85. Defendants DOES 1-25, acting within the scope and court of their employment with Defendants COUNTY failed to classify, failed to appropriately diagnose and exercise that degree of

skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient RAYMOND CHRISTOPHER REYES.

86.     Defendants DOES 1-25, acting within the scope and court of their employment with Defendants WELLPATH failed to classify, failed to appropriately diagnose and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient RAYMOND CHRISTOPHER REYES.

87.     Defendants DOES 1-25, acting with the scope and court of their employment with Defendants COUNTY negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient RAYMOND CHRISTOPHER REYES.

88.     Defendants DOES 1-25, acting with the scope and court of their employment with Defendants WELLPATH negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient RAYMOND CHRISTOPHER REYES.

89.     As a direct and legal result of the aforementioned negligence and carelessness of Defendants' actions and omissions, REYES sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages as described herein and as applicable to this claim for Medical Malpractice, to be proven at time of trial.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFFS hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, PLAINTIFFS pray for relief, as follows:

1.    For general damages in a sum according to proof;

2.    For special damages in a sum according to proof;

3.    For punitive damages in a sum according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.    For injunctive relief as the court deems appropriate including that the policies of

Defendant County for policy or policies relevant to authorizing, allowing, or ratifying

the practice by its jail personnel of being deliberately indifferent to

mental/psychiatric/medical health needs of the inmates;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.

Dated: June 15, 2020                         **LAW OFFICES OF JOHN L. BURRIS**

/s/ *John L. Burris*

John L. Burris, Esq.
Ben Nisenbaum, Esq.
James Cook, Esq.
Attorneys for Plaintiffs
VANESSA REYES, and minor child R.R.
III through his Guardian ad Litem
VANESSA REYES, et al.,
.