UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA REYES, et al., | Case No. 20-cv-03971-DMR |
| Plaintiffs, | |
| v. | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| COUNTY OF ALAMEDA, et al., | Re: Dkt. No. 10 |
| Defendants. | |

On June 15, 2020, Plaintiffs Vanessa Reyes, Raymond Christopher Reyes, Sr., Yasmin Reyes, and minor R.R. filed this action against Defendants County of Alameda ("County") and Wellpath, Inc. ("Wellpath"), bringing civil rights claims pursuant to 42 U.S.C. § 1983 and related state laws. [Docket No. 1 ("Compl.").] Defendants move to dismiss some of the claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). [Docket Nos. 10 ("Mot."), 14 ("Reply").] Plaintiffs oppose. [Docket No. 12 ("Opp.").] This motion is appropriate for determination without oral argument. Civ. L.R. 7-1(b).

For the reasons stated below, the motion is granted in part and denied in part.

## I.    BACKGROUND

This action arises from the death of Raymond Christopher Reyes ("Decedent") while he was incarcerated in Santa Rita Jail. Minor R.R. is the biological child of Decedent and Decedent's wife, Vanessa Reyes. Compl. ¶¶ 8-9. Raymond Christoper Reyes, Sr. and Yasmin Reyes are the biological parents of Decedent. *Id.* ¶¶ 10-11.

The factual allegations in the complaint are sparse. On July 24, 2019, Decedent committed suicide while incarcerated in Santa Rita Jail. Compl. ¶ 16. He allegedly expressed suicidal ideations while being booked, but the jail staff did not place him on suicide watch. *Id.* ¶ 17. Jail deputies instead "assigned him under circumstances conducive to a suicide attempt." *Id.* In addition,

1    Decedent allegedly ingested methamphetamine while under supervision.[1]  *Id.*  Deputies attempted

2    to revive Decedent with naloxone; however, that drug is used to treat heroin (not methamphetamine)

3    overdoses.  *Id.*

4         Plaintiffs bring claims for (1) violation of Decedent's Fourteenth Amendment rights; (2)

5    wrongful death (section 1983); (3) a survival action for violation of Decedent's civil rights (section

6    1983); (4) violation of Plaintiffs' right to a familial relationship (section 1983); (5) a claim under

7    *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); (6) negligence; (7) a claim for failure to

8    summon medical care in violation of California Government Code § 845.6; (8) wrongful death; (9)

9    intentional inflection of emotional distress; and (10) medical negligence.  All Plaintiffs assert all

10   claims against all Defendants, except that the fifth claim is brought solely against the County and

11   Doe Defendants.

12   **II.    LEGAL STANDARD FOR 12(B)(6) MOTIONS**

13        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

14   the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  When

15   reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the

16   factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

17   curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory"

18   or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

19   *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft*

20   *v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001))

21   (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual content

22   that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

23   alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must

24   demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause

25   of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v.*

26

27   _____

28   [1] The complaint seems to suggest that Decedent died of a methamphetamine overdose but that allegation is not explicit.

United States District Court
Northern District of California

2

1    *Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001),

2    overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

3            As a general rule, a court may not consider "any material beyond the pleadings" when ruling

4    on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).  However,

5    "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay*

6    *Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose

7    contents are alleged in a complaint and whose authenticity no party questions, but which are not

8    physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6)

9    into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled*

10   *on other grounds by Galbraith*, 307 F.3d at 1125-26.  The court need not accept as true allegations

11   that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr*. *Court*, 828 F.2d

12   1385, 1388 (9th Cir. 1987).

13   **III.    DISCUSSION**

14           In their opposition, Plaintiffs agreed to dismiss their second, third, ninth, and tenth claims,

15   and the eighth claim as to Decedent's parents.  They also agreed to dismiss their request for

16   injunctive relief and punitive damages.  Defendants' remaining arguments are that (1) the County is

17   immune from Plaintiffs' state law claims; (2) Decedent's mother and father do not have standing to

18   assert the first, fifth, sixth, or seventh claim; (3) Decedent's wife and son have not perfected their

19   first, fifth, sixth, or seventh claim; and (4) Plaintiffs' *Monell* claim should be dismissed.

20           **A.    County Immunity**

21           Defendants argue that Plaintiffs' state law claims against the County (the sixth claim for

22   negligence and the eighth claim for wrongful death) must be dismissed because the County is

23   immune from those claims.  Generally, "a public entity is not liable for . . . [a]n injury to any

24   prisoner."  Cal. Govt. Code § 844.6.  The immunity provision extends to survival actions.  *See*

25   *Lowman v. Cty. of Los Angeles*, 127 Cal. App. 3d 613, 616 (1982) (finding that section 844.6 barred

26   a survival action for wrongful death).  However, there are limited exceptions.  At issue here is

27   whether the exception in Government Code section 845.6 applies.  That provision states:

28           Neither a public entity nor a public employee is liable for injury proximately

3

1

2

3

4

       caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

5    Cal. Govt. Code § 845.6.  Plaintiffs assert that Decedent "made statements of clear suicidal intent at

6    booking, but nothing was done to address his suicidality."  *Id.* at 4.  They argue that county

7    employees therefore knew of Decedent's need for immediate medical care and failed to provide it.

8    *Id.* at 4-5.  This obligation could have been fulfilled, for example, by placing Decedent under

9    observation.  *See id.* at 5.

10         Defendants correctly point out that Plaintiffs plead the elements for the section 845.6

11    exception in their seventh claim.  The factual allegations underlying all three claims is the same:

12    namely, that county employees knew of Decedent's need for medical care and failed to provide it,

13    thereby causing fatal injury to Decedent.  Plaintiffs do not offer any justification or exception for

14    independently maintaining the sixth and eighth claims against the County.  Therefore, those claims

15    are essentially duplicative of the seventh claim and are dismissed as to the County.  *See Hernandez*

16    *v. Cty. of Santa Clara*, Case No. 19-cv-07888-EJD, 2020 WL 3101041, at *7 (N.D. Cal. June 11,

17    2020) (dismissing claims against a county for negligence and wrongful death where the plaintiffs

18    also pleaded a claim under section 845.6).

19        **B.**    **Survivorship Claims**

20         As a general rule, "only the person whose Fourth Amendment rights were violated can sue

21    to vindicate those rights."  *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir.

22    1998), *as amended* (Nov. 24, 1998) (citing *Alderman v. United States*, 394 U.S. 165, 174 (1969)).

23    However, survival actions are permitted under section 1983 if state law authorizes a survival action.

24    *Id.*  The plaintiff has the burden to demonstrate that "a particular state's law authorizes a survival

25    action and that the plaintiff meets that state's requirements for bringing a survival action."  *Id.*

26    Defendants do not dispute that California authorizes survival actions, and such actions "may be

27    commenced by the decedent's personal representative or, if none, by the decedent's successor in

28    interest."  Cal. Code Civ. Proc. § 377.30; *see also* Cal. Code Civ. Proc. § 377.20(a) ("Except as

1      otherwise provided by statute, a cause of action for or against a person is not lost by reason of the

2      person's death, but survives subject to the applicable limitations period."). However, Defendants

3      argue that Plaintiffs have not fulfilled the requirements to bring a survival claim under California

4      law. Specifically, California Code of Civil Procedure section 377.32 requires a plaintiff to execute

5      and file an affidavit or declaration stating, among other things, that the declarant is the decedent's

6      successor in interest or authorized to act on behalf of the decedent's successor in interest. Cal. Code

7      Civ. Proc. § 377.32(a)(5). The statute also requires the plaintiffs to attach a certified copy of the

8      decedent's death certificate to the affidavit or declaration. Cal. Code Civ. Proc. § 377.32(a)(5).

9          At the time Defendants filed their motion, Plaintiffs had not filed any affidavit or declaration

10     under section 377.32. Attached to their opposition, they submitted a declaration from Vanessa

11     Reyes averring that she meets the requirements of the survival statute; a petition to appoint Vanessa

12     Reyes as guardian ad litem for R.R.; and a second declaration from Vanessa Reyes, as guardian ad

13     litem for R.R., that R.R. also meets the requirements to bring a survival claim. There are numerous

14     issues with Plaintiffs' submissions. First, they filed the petition to appoint Vanessa Reyes as

15     guardian ad litem as an attachment to their opposition rather than as a separate motion. Second,

16     they did not file any declaration by Raymond Christoper Reyes, Sr. or Yasmin Reyes. Finally,

17     although the declarations state that "[a] copy of the decedent's death certificate is attached to this

18     declaration," there is no such attachment. Defendants pointed out all of these errors in their reply,

19     which they filed on August 3, 2020. On August 20, 2020, seventeen days later, Plaintiffs submitted

20     another filing, styled as a motion to appoint Vanessa Reyes as guardian ad litem. *See* Docket No.

21     18. Attached to that filing are declarations pursuant to section 377.32 for all four plaintiffs. These

22     declarations also suffer from some errors, including that the declarations were attached to the

23     guardian ad litem motion and not filed separately and that the declarations still do not attach a

24     certified copy of Decedent's death certificate.

25          While Plaintiffs' attempts to comply with the survivorship statute have been sloppy and late,

26     it seems likely that they will be able to cure these defects. The court grants Plaintiffs' motion to

27     appoint Vanessa Reyes as guardian ad litem for R.R. Accordingly, Plaintiffs shall file declarations

28     that conform with section 377.32 **by no later than September 8, 2020**. Failure to timely file

United States District Court
Northern District of California

United States District Court
Northern District of California

1    complete and compliant declarations may result in dismissal of Plaintiffs' survivor claims.

2          **C.      *Monell* Claim**

3          A municipality may face section 1983 liability if it "'subjects' a person to a deprivation of

4    rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, S. Ct. 1350,

5    1359 (2011) (quoting *Monell*, 436 U.S. at 692). However, the municipality may be held liable "only

6    for '[its] *own* illegal acts.'" *Id.* (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). It

7    cannot be held vicariously liable for its employees' actions. *Id.* (citations omitted). To establish

8    municipal liability, plaintiffs "must prove that 'action pursuant to official municipal policy' caused

9    their injury." *Id.* (quoting *Monell*, 436 U.S. at 691). "The 'official policy' requirement 'was

10   intended to distinguish acts of the *municipality* from acts of *employees* of the municipality,' and

11   thereby make clear that municipal liability is limited to action for which the municipality is actually

12   responsible." *Pembaur*, 475 U.S. at 479-80 (emphasis in original). Official municipal policy

13   includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and

14   practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct.

15   at 1359 (citations omitted). Such policy or practice must be a "moving force behind a violation of

16   constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing

17   *Monell*, 436 U.S. at 694).

18         Defendants argue that Plaintiffs' *Monell* claim against the County should be dismissed

19   because *Monell* does not authorize an independent claim; it merely provides a basis for holding a

20   municipality liable for other section 1983 claims. The argument seems to be that Plaintiffs bring

21   multiple 1983 claims against the County, they do not explain how the County is liable for those

22   claims except under *Monell*, and therefore the fifth claim is at most duplicative of the other section

23   1983 claims. The court agrees that the other section 1983 claims against the County are duplicative

24   of the *Monell* claim. The County is liable for section 1983 claims only if Plaintiffs' injury was

25   caused by an "action pursuant to official municipal policy." *Monell*, 436 U.S. at 691. Plaintiffs'

26   fifth claim already pleads municipal liability under *Monell* and so the other section 1983 claims

27   against the County merely repeat that theory.

28         Thus, the court will consider the fifth claim as an independent claim for municipal liability,

1    but the other section 1983 claims against the County are dismissed as duplicative.

2    **IV.    CONCLUSION**

3           For the reasons stated above, Plaintiffs' first, fourth, sixth, and eighth claims are dismissed

4    as to the County.  As Plaintiffs have failed to explain how those claims are not duplicative of other

5    claims, the court finds that amendment would be futile; therefore, the dismissal of these claims is

6    with prejudice.  Accounting for the claims that Plaintiffs voluntarily withdrew, the remaining claims

7    for all Plaintiffs are the first and fourth section 1983 claims against Wellpath; the fifth claim for

8    municipal liability under *Monell* against the County; the sixth claim for negligence against Wellpath;

9    and the seventh claim for failure to summon medical care in violation of California Government

10   Code § 845.6 against both Defendants.  Vanessa Reyes and minor R.R. maintain the eighth claim

11   against Wellpath.

12          However, to preserve their first, fifth, sixth, and seventh claims asserting survival rights,

13   Plaintiffs must file declarations that conform to California Code of Civil Procedure section 377.32

14   by no later than September 8, 2020. Failure to do so may result in dismissal of those survival claims.

15

16

17          **IT IS SO ORDERED.**

18   Dated: August 31, 2020

19                                                                  

20                                                               Judge Donna M. Ryu
                                                                 United States Magistrate Judge

21

22

23

24

25

26

27

28

*Left margin (vertical):* United States District Court  Northern District of California